UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

Eastern District of Kentucky
F I L E D

JUL 1 7 2006

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 05-293-KSF

LESLIE CAMPBELL                                                        PLAINTIFF

V.                              **OPINION & ORDER**

REPUBLICAN CENTRAL EXECUTIVE
COMMITTEE, *et al.*                                                  DEFENDANTS

* * * * * * * * * * * * *

This matter is before the Court on the motion of defendant Grayson Smith ("Smith") to

dismiss [DE #24] and the plaintiff's motion to file a second amended complaint [DE #37].[1]

## I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The factual background of this action as set forth in the plaintiff's original complaint can

be found in the Court's order entered March 29, 2006, and the reader is referred to that opinion.

After defendants Republican Party of Kentucky ("Republican Party") and James Lacy ("Lacy")

filed motions to dismiss the original complaint, the plaintiff filed a motion to tender an amended

complaint. By order entered March 29, 2006, the Court held that the plaintiff had not in either

complaint sufficiently pled her civil conspiracy claims under 42 U.S.C. § 1983 and had not alleged

sufficient material facts to support a finding that the Republican Party or defendant Lacy, as

private parties, could be held liable under § 1983. However, rather than dismiss her claims

---

[1]      Also pending is Smith's motion to file a supplemental memorandum in support of his motion to dismiss [DE #26]. Since this analysis considered all of the pleadings filed by the parties, the Court will grant this motion.

outright, the Court dismissed her claims without prejudice to give the plaintiff one last

opportunity to amend her complaint and provide additional factual support. The plaintiff

thereafter tendered a second amended complaint, which she asserts contains the "more specific

factual support" the Court deemed necessary.

## II.    SMITH'S MOTION TO DISMISS

### A.    The Parties' Arguments

In his motion, Smith makes a number of arguments based on the merits of the case. He

also asserts that he was never properly served, as process was served on the Transportation

Cabinet and Smith has never been employed there, so the complaint should be dismissed on that

basis as well.

With respect to insufficiency of service of process, the plaintiff asserts that if the Court

finds merit to this portion of Smith's motion, she is ready to amend the complaint to correctly

identify Smith's employment office and re-serve him accordingly.

### B.    Standards

The case of LRL Properties v. Portage Metro Housing Authority, 55 F.3d 1097 (6th Cir.

1995), sets out the applicable law on motions to dismiss pursuant to Federal Rule of Civil

Procedure 12(b)(6):

> A complaint should not be dismissed unless it appears beyond doubt that plaintiff
> can prove no set of facts in support of his claim which would entitle him to relief.

Id. at 1104. "A complaint need only give 'fair notice of what the plaintiff's claim is and the

grounds upon which it rests.' " In re DeLorean Motor Co., 991 F.2d 1236, 1240 (6th Cir. 1993).

Further, in considering a motion to dismiss, the Court "must construe the complaint in the light

-2-

most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and

determine whether the plaintiff undoubtedly can prove no set of facts in support of his claim that

would entitle him to relief." Ziegler v. IBP Hog Market, Inc., 249 F.3d 509, 512 (6th Cir. 2001)

(citation omitted).  Under the liberal notice pleading rules, a complaint need only put a party on

notice of the claim being asserted against it to satisfy the federal rule requirement of stating a

claim upon which relief can be granted.  Memphis, Tennessee Area Local, American Postal

Workers Union, AFL-CIO v. City of Memphis, 361 F.3d 898, 902 (6th Cir. 2004) (hereinafter

"City of Memphis").

### C.    Analysis

In his motion to dismiss, defendant Smith argues (almost incidentally) that he has not been

properly served with process in this matter.  Because service of process is a jurisdictional issue,

the Court must address this argument before reaching the merits of the case.  Friedman v. Estate

of Presser, 929 F.2d 1151, 1156 (6th Cir. 1991) (without personal service, a district court is

without jurisdiction to render judgment against a defendant).

In the present case, the plaintiff purportedly served the defendant in both his individual and

official capacities by delivering copies of the summons and complaint via certified mail to the

Kentucky Transportation Cabinet.  However, because defendant Smith has never been employed

by the Transportation Cabinet and has never authorized the Cabinet to accept service on his

behalf, service on Smith in either his individual or official capacity cannot have been properly

effected in this manner.  See Ecclesiastical Order of the Ism of Am, Inc. v. Chasin, 845 F.2d 113,

116 (6th Cir. 1988) (service on a defendant's employer does not constitute proper service on the

employee who has been sued in his individual capacity).  The plaintiff responds that she

-3-

mistakenly believed Smith to be an employee of the Transportation Cabinet and thus essentially concedes that defendant Smith has not been properly served with a summons and complaint within the 120-day period allotted by Rule 4(m) of the Federal Rules of Civil Procedure.[2] She responds that if the Court finds merit in the defendant's argument, she "stands ready to amend the Complaint to correctly identify Smith's office and re-serve the Complaint accordingly."

Based on the above, the Court does not have personal jurisdiction over defendant Smith at this time, even though he has obviously received process, is fully aware of the existence and nature of this litigation, and has responded on the merits.[3] Consequently, the Court is limited to the following options under Rule 4(m):  (1) dismiss the action without prejudice; (2) direct that service be effected within a specified time; or (3) extend the time for service for an appropriate period, which the Court *must* do if it finds that the plaintiff has shown good cause for the failure. Option #2 allows the Court to relieve a plaintiff from the consequences of Rule 4(m) even if there is no good cause shown.

The plaintiff has not shown "good cause" for her failure to serve defendant Smith based on her admission that she mistakenly believed he was employed by the Transportation Cabinet. Even if defendant Smith *was* employed by the Cabinet, this method of service would have been insufficient to serve him in his individual capacity.  Id.  Therefore, the plaintiff's mistake regarding

---

[2]     The last day that defendant Smith could have been properly served was November 16, 2005.

[3]     The fact that Smith has responded on the merits does not mean that he has waived his argument with respect to service of process.  If insufficiency of service of process is raised in the first pre-answer motion, as it was in this case, it is not waived even if accompanied by other defenses.  Fed. R. Civ.P. 4(h)(1) (this defense is waived if not included in responsive pleading when it could have been).  Further, actual knowledge of a lawsuit will not cure defective service of process.  Friedman, 929 F.2d at 1155-56.

Smith's employment status is irrelevant to the question of sufficiency of service. Regardless of where the defendant worked, the plaintiff was required to have served him either personally or by leaving a copy of the summons and complaint at his dwelling house or usual place of abode or with an authorized agent. Fed. R. Civ.P. 4(e); Ky. CR 4.04(2). Inadvertence or half-hearted efforts to serve do not constitute "good cause." Friedman, 929 F.2d at 1157. The Court further points out that the plaintiff knew or should have known as early as September of 2005, when the defendant filed his motion to dismiss, that there was a problem with service. This was over two months before the time limit for service of process expired in November, but the plaintiff failed to take curative action or move for additional time for service. Based on the above, the Court finds that it is not *required* by Rule 4(m) to extend the time for service.

However, if the Court were to dismiss the claims without prejudice, the statute of limitations would likely ban the plaintiff from bringing a new action against Smith; the statute arguably ran on June 28, 2006, at the latest, which was one year from the date the plaintiff's employment was terminated. The Advisory Committee Notes to Rule 4 suggest that "[r]elief may be justified, for example, if the applicable statute of limitations would bar the refiled action . . . ." In addition, an extension of time would not prejudice the defendant in any way, although the Sixth Circuit has held that "actual knowledge and lack of prejudice cannot take the place of legally sufficient service." LSJ Investment Co. v. O.L.D., Inc., 167 F.3d 320, 324 (6th Cir. 1999). Thus, rather than dismiss the plaintiff's claims against Smith, the Court will hold Smith's motion to dismiss in abeyance and give the plaintiff additional time to effect proper service in conformance with the Federal Rules of Civil Procedure.

## III.   MOTION TO AMEND

### A.   The Parties' Arguments

In response to the Court's prior order entered March 29, 2006, the plaintiff has moved to file a second amended complaint.  She asserts that this complaint contains the "more specific factual support" deemed necessary by the Court.

The complaint adds the word "agreement" to the plaintiff's allegations that the defendants were engaged in an unconstitutional patronage system (e.g., "unlawful and unconstitutional patronage system" becomes "unlawful and unconstitutional **agreement for a** patronage system," etc.).  Most additional allegations have to do with defendant Lacy:  that his role was to act as local scout and to monitor political activities of locals such as the plaintiff and report back; that he had actual authority to hire and fire the plaintiff; that he and the other defendants all contributed to the "hit list;" that he recommended that the plaintiff be fired and replaced with Dunn; etc.

The only additional allegation with respect to defendant Smith specifically was that it was represented to the plaintiff that Smith was the Governor's personal assistant and, thus, he was a *de facto* agent of the Governor and the defendant Republican Party.  Other allegations are made as to "all of the Defendants" generally, but no other specific allegations were added with respect to defendant Smith.

Defendant Republican Party argues that the amendment should not be permitted because the plaintiff has failed to explain the differences between the dismissed and tendered complaints. It also argues that the Court should reject any claim therein for "intentional interference with continued employment," as the Court has previously held that no such claim exists.

Defendant Lacy did not file a response or renew his motion to dismiss. His counsel was permitted to withdraw by order entered March 29, 2006, and no new counsel has entered an appearance as of this date.

## B.   Standards

Leave to amend a pleading shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). The grant or denial of a motion to amend is within the sound discretion of the Court. Marks v. Shell Oil Co., 830 F.2d 68, 69 (6th Cir. 1987). A district court should consider the following factors in passing on a party's motion to amend: (1) undue delay in filing the motion; (2) lack of notice to adverse parties; (3) whether the movant is acting in bad faith, or with a dilatory motive; (4) failure to cure deficiencies by previous amendments; (5) the possibility of undue prejudice to adverse parties; and (6) whether the amendment is futile. Foman v. Davis, 371 U.S. 178, 182 (1962); Robinson v. Michigan Consol. Gas Co., 918 F.2d 579, 591 (6th Cir. 1990).

## C.   Analysis

In its previous opinion and order, the Court rejected the plaintiff's tendered first amended complaint and dismissed the state claim for "intentional interference with continued employment," finding that no such cause was recognized under Kentucky law. However, it also permitted the plaintiff to file another amended complaint to attempt to provide additional factual support for her claims.

The tendered second amended complaint contains additional factual support, but also the previously-dismissed state law claim for intentional interference with continued employment. Since the Court has found that this is not a viable claim under Kentucky law, this claim will not be

-7-

permitted. However, the Court will allow the plaintiff to file a second amended complaint that comports with this order (i.e., without the state law claim for intentional interference with continued employment) no later than fifteen (15) days after the date of entry of this Order.

## IV.   CLAIMS AGAINST DEFENDANT LACY

Finally, there is the question of defendant Lacy. After the Court dismissed the earlier complaints without prejudice, Lacy's counsel withdrew. Therefore, Lacy is currently not represented. However, once a second amended complaint is filed, no new summons will issue, but Lacy will remain as a defendant. Therefore, defendant Lacy will be given additional time to either obtain new counsel or enter on the record his intent to proceed *pro se*.

## V.   CONCLUSION

Based on the above, the Court, being otherwise fully and sufficiently advised, HEREBY ORDERS that

(1)   Smith's motion to file a supplemental memorandum in support of his motion to dismiss [DE #26] is GRANTED;

(2)   Smith's motion to dismiss [DE #24] is HELD IN ABEYANCE until August 15, 2006;

(3)   the plaintiff has additional time until August 15, 2006, in which to properly serve defendant Grayson Smith in his individual capacity in accordance with the Federal Rules of Civil Procedure, at which time the Court will rule on Smith's motion to dismiss;

(4)   plaintiff's motion to file a second amended complaint [DE #37] is GRANTED IN PART and DENIED IN PART in accordance with this opinion;

(5)   the plaintiff shall file a second amended complaint that comports with this opinion no later than July 28, 2006;

(6)     no later than August 15, 2006, defendant Lacy shall indicate on the record whether he (1) has obtained new counsel, whom shall enter an appearance; or (2) intends to proceed *pro se* in this matter;

(7)     the Clerk of Court shall serve a copy of this Order on James Lacy at 300 Sandfield Road, Campton, KY 41301; and

(8)     this order is interlocutory in all respects.

This _____ 17 _____ day of July, 2006.

 

 

KARL S. FORESTER, SENIOR JUDGE