UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON


CIVIL ACTION NO. 05-293-KSF

LESLIE CAMPBELL                                                                        PLAINTIFF


V.                                    **OPINION & ORDER**


REPUBLICAN CENTRAL EXECUTIVE
COMMITTEE, *et al.*                                                                 DEFENDANTS

* * * * * * * * * * * * *


        This matter is before the court on the motion of defendant Commonwealth of Kentucky,

Transportation Cabinet (hereinafter "KTC") to dismiss [DE #71].

        The factual background of this action as set forth in the plaintiff's original complaint can

be found in the Court's order entered March 29, 2006, and the reader is referred to that opinion.

In summary, the plaintiff alleges that her employment with the KTC was unlawfully terminated

"as part of an unconstitutional patronage policy and/or custom."  In other words, the plaintiff

alleges that she was fired because of her political affiliation, loyalty, and performance and in

order to make way for the defendants to hire someone else more in line with their own political

philosophies.

        In her complaint, the plaintiff brought claims against all defendants, including the KTC,

pursuant to 42 U.S.C. § 1983 seeking damages and injunctive relief (reinstatement and

restoration of all lost benefits).  She also claims violations of Kentucky state law.  In the present

motion, the KTC argues that all of the plaintiff's claims are barred by the Eleventh Amendment

of the United States Constitution.  The plaintiff responds that the Eleventh Amendment does not

bar her claim for the prospective injunctive relief she seeks (reinstatement), relying primarily on

the unpublished opinion of United States Senior District Judge Joseph M. Hood in <u>Duncan v.</u>

<u>Nighbert</u>, Civil No. 06-34-JMH (E.D. Ky. Aug. 31, 2007) (unpublished).

The law is well-settled that a state cannot be sued for damages under § 1983 in either

state or federal court.  As to suit in federal courts, the Eleventh Amendment shields a state from

such unless the state consents to suit or waives its immunity.  The United States Supreme Court

held in <u>Quern v. Jordan</u>, 440 U.S. 332 (1979), that Congress did not abrogate the states' Eleventh

Amendment immunity in passing § 1983:

> [N]either logic, the circumstances surrounding the adoption of the Fourteenth
> Amendment, nor the legislative history of the 1871 Act [§ 1983] compels, or even
> warrants, . . . the conclusion that Congress intended by the general language of
> the Act to overturn the constitutionally guaranteed immunity of the several States.

<u>Id.</u> at 342 (citation omitted); <u>see also</u> <u>Johnson v. University of Cincinnati</u>, 215 F.3d 561, 571 (6th

Cir. 2000) (citing <u>Quern</u> for the proposition "that § 1983 does not override a State's Eleventh

Amendment immunity").

There is no question that KTC is an arm of the Commonwealth.  <u>Mt. Healthy City Sch.</u>

<u>Dist. Bd. of Educ. v. Doyle</u>, 429 U.S. 274, 280 (1977); <u>see</u> K.R.S. § 12.250(4) (establishing the

KTC as a program cabinet "within state government"); <u>Cox v. Kentucky Dep't of Transp.</u>, 53

F.3d 146, 152 n.2 (6th Cir. 1995) (holding that claims against the KTC were barred by Eleventh

Amendment immunity).  Further, pursuant to <u>Will v. Michigan Dep't of State Police</u>, 491 U.S.

58 (1989), the United States Supreme Court held that "neither a State nor its officials acting in

their official capacities are 'persons' under § 1983." <u>Id.</u> at 71.

The Commonwealth has given neither its consent nor a waiver to satisfy any exception to the immunity granted by the Eleventh Amendment.  Thus, the plaintiff's claims against the KTC must be dismissed in their entirety.

The fact that the plaintiff seeks prospective injunctive relief against the KTC makes no difference.  While the Eleventh Amendment does not preclude suits seeking prospective injunctive relief against _state officials_ under the doctrine of Ex Parte Young, 209 U.S. 123 (1908), its immunity does extend to states and arms of the state such as KTC.  See, e.g., Chaz Const., LLC v. Codell, 137 Fed. Appx. 735 (6th Cir. May 11, 2005) ("The [KTC] is a governmental body, not a state official, and therefore is not subject to the exception created by Ex Parte Young.") (unpublished).  The authorities upon which the plaintiff relies in her response are inapposite, as they analyze and apply to claims brought by _state officials_, not claims brought by an agency of the state itself.

Accordingly, the Court, being otherwise fully and sufficiently advised, HEREBY ORDERS that

(1)     KTC's motion to dismiss [DE #71] is GRANTED;

(2)     all of the plaintiff's claims against the KTC are DISMISSED WITH PREJUDICE; and

(3)     this order is interlocutory in all respects.

This January 7, 2008.



**Signed By:**

**_Karl S. Forester_**  K S F

**United States Senior Judge**