UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

CIVIL ACTION NO. 05-293 (WOB)

LESLIE CAMPBELL                                                                              PLAINTIFF

VS.                                              **OPINION and ORDER**

REPUBLICAN CENTRAL COMMITTEE, ET AL                            DEFENDANTS

On January 21, 2010, the court held a telephone conference in this matter to hear oral argument on defendants' motions for summary judgment (Doc. #89, redocketed as #126, Doc. #96, redocketed as #127). Plaintiff was represented by Ned Pillersdorf. Defendants Bill Nighbert, Dick Murgatroyd, and Tim Hazlette were represented by Robert Roark and Beth Bowell. Defendant James Lacy was represented by Nick Nicholson. Official court reporter, Joan Averdick, recorded the proceedings.

## FACTS

Plaintiff testified that Mr. Lacy, her father-in-law's good friend, agreed to help her find a job with the Commonwealth of Kentucky. Lacy is not employed by the Commonwealth, but he is known as "the patronage man" and has a great deal of influence in the Republican Party. Lacy told the plaintiff that a timekeeping position would be opening up in the Kentucky Transportation Cabinet in Wolfe County, Kentucky, and that she should take the test and apply for the job. The plaintiff took the test and applied for the position, and Lacy recommended her.

In April 2004, almost two months after she applied for the position, Lacy and Mr. Smith, a regional representative for the Local Initiative for a New Kentucky (LINK), came to her home to discuss the possibility of her employment with the Commonwealth. Plaintiff claims that

during this meeting Lacy and Smith told her that, if she changed her voter registration to Republican, it would help her to get the timekeeper position.

Plaintiff testified that she changed her party affiliation on the next business day. Over the next few months, Lacy chastised her for contacting the Office of Personnel to find out why she had not yet been hired and for publically supporting a Democrat friend in his local election.

In February 2005, the plaintiff was hired as a timekeeper for the Wolfe County Highway Maintenance Garage. It is undisputed that the plaintiff had serious problems with her job duties, which caused employees not to be paid properly. Plaintiff also made mistakes in judgment by bringing in a treadmill and collecting money to make a meal at the garage. On June 28, 2005, during her probationary period, the plaintiff received a letter from Mr. Hazlette, Director of Personnel at the Kentucky Transportation Cabinet, notifying her that her employment was being terminated for unsatisfactory job performance. At the time of her termination she was still registered as a Republican.

Plaintiff's supervisor, Vernon Carson, testified that he was surprised by the decision to terminate the plaintiff, and that he would have recommended she be retained. He also testified that he was not asked for his opinion on plaintiff's work performance, which he found unusual. He explained that, in the past, he had always been consulted in decisions regarding the employment status of his employees. Mr. Montgomery, Mr. Carson's supervisor, also testified that it would be unusual to terminate a probationary employee without consulting with the employee's immediate supervisor. Carson also testified that, despite making some mistakes, he thought the plaintiff was a good employee and that her mistakes were similar to those made by other employees.

After the plaintiff was fired, she was replaced by Della Dunn, the daughter of Paul Watkins, a strong Republican supporter. Mr. Carson testified that Mr. Watkins had a meeting with Murgatroyd regarding hiring his daughter as a timekeeper. In addition, the plaintiff cites testimony regarding a "hit list," which identified employees who were to be demoted, transferred or terminated to make room for supporters. Dale Stamper, a co-worker at the garage, testified that he heard that the plaintiff was on the hit list as an employee that the administration wanted to "run off."

Plaintiff filed this suit, alleging that her employment was terminated as a result of her failure to be sufficiently loyal to the Republican Party in violation of her First Amendment and federal due process rights under § 1983, and state law claims of tortious interference with her employment and wrongful discharge. The court has previously dismissed the Republican Party, Kentucky Transportation Department and Grayson Smith. (Doc. 51, 60 & 93). The matter is now before the court on consideration of the remaining four defendants' motions for summary judgment.

## ANALYSIS

**1. Summary Judgment Standard**

Summary judgment is warranted where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "In considering a motion for summary judgment, [the court] view[s] the factual evidence and draw[s] all reasonable inferences in favor of the non-moving party." *Dominguez v. Correctional Med. Serv.*, 555 F.3d 543, 549 (6th Cir. 2009) (citation omitted). "A mere scintilla of evidence is

insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Id.* (internal quotations and citation omitted).

### 2. Section 1983 Claim against Defendant Lacy.

Plaintiff sued Defendant Lacy both in his individual and official capacity, as "an apparent agent" of the Republican Party, asserting a § 1983 claim for conspiracy to violate her First Amendment and due process rights, as well as state law claims. The court finds Lacy's motion for summary judgment on the § 1983 claims should be granted because this court previously held in this case that plaintiff's allegations regarding Lacy's conduct did not rise to the level of state action for purposes of § 1983 liability. (Doc. 60). Thus, this finding constitutes the law of the case. *United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir. 1994) ("findings made at one point in the litigation become the law of the case for subsequent stages of that same litigation" ).

Moreover, the court finds that the plaintiff has not presented any evidence that defendant Lacy was involved in her termination. Instead, the evidence demonstrates that Lacy recommended her for the position, which helped her to get hired. After she was hired, there is no evidence that Lacy was involved in any employment decisions involving the plaintiff. The testimony that Lacy may have met with the father of a person seeking employment with the Commonwealth, who was hired and eventually transferred to plaintiff's position, is not evidence that he was involved in the decision to terminate the plaintiff. Thus, the court will grant Lacy's motion for summary judgment on the § 1983 claim against him in both his official and individual capacities.

### 3. Section 1983 Claim against Remaining Defendants.

4

Plaintiff sued Defendants Nighbert[1], Murgatroyd[2] and Hazlette[3] in their official and individual capacities, alleging a § 1983 claim for conspiracy to violate her due process and First Amendment rights as well as state law claims. These defendants seek summary judgment based on qualified and Eleventh Amendment immunities.

**A. Due Process**

Defendants are entitled to summary judgment on plaintiff's due process claim under 42 U.S.C. § 1983. Plaintiff alleges that she had a property interest in her continued employment, but does not address the issue in her response.

It is undisputed that the plaintiff was on probationary status when her job was terminated. *See Board of Regents of State Coll. v. Roth*, 408 U.S. 564, 578 (1972) (assistant professor had no property interest in employment since he had not yet received tenure); *Curby v. Archon*, 216 F.3d 549, 555 (6th Cir. 2000) (probationary employee did not have property interest in continued employment).

KRS § 18A.111(1) and (2) provide:

1) Except when appointed to a job classification with an initial probationary period in excess of six (6) months, and except as provided in KRS 18A.005, an employee shall serve a six (6) months probationary period when he is initially appointed to the classified service. An employee may be separated from his position, reduced in class or rank, or replaced on the eligible list during this initial probationary period and shall not have a right to appeal, except as provided by KRS 18A.095. The employee may be placed on an

---

[1]Mr. Nighbert was the Deputy Secretary and acting Secretary of the Kentucky Transportation Cabinet during the relevant time period.

[2]Mr. Murgatroyd was the Deputy Secretary of the Kentucky Transportation Cabinet from January 2004 to December 2004. In December 2004, he became the Chief of Staff to Governor Fletcher.

[3]Mr. Hazlette was the Director of Personnel for the Kentucky Transportation Cabinet during the relevant time period.

eligible list but shall not be certified to the agency from which he was separated unless that agency so requests. Unless the appointing authority notifies the employee prior to the end of the initial probationary period that he is separated, the employee shall be deemed to have served satisfactorily and shall acquire status in the classified service.

(2) An employee who satisfactorily completes the initial probationary period for the position to which he was initially appointed to the classified service shall be granted status and may not be demoted, disciplined, dismissed, or otherwise penalized, except as provided by the provisions of this chapter.

Here, the plaintiff concedes that she was still within her probationary period at the time she was terminated. Thus, she did not have a property interest in her employment and, therefore, the defendants are entitled to summary judgment on the due process claim. *Roth*, 408 U.S. at 578.

**B. First Amendment**

Plaintiff also asserts a violation of her First Amendment rights under § 1983 against these defendants in both their individual and official capacities.

As for the official capacity suits, the court grants summary judgment on the basis of Eleventh Amendment immunity. *See Cox v. Kentucky Dep't. of Transp.*, 53 F.3d 146, 152 fn. 2 (6th Cir. 1995) ("First Amendment claims against the Kentucky DOT are barred by Eleventh Amendment immunity.") (*citing Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984)).

As to the individual capacity claims, to establish a prima facie case of First Amendment retaliation pursuant to 42 U.S.C. § 1983 against these defendants the plaintiff must establish three elements: "(1) that he was engaged in a constitutionally protected activity; (2) that the defendant's adverse action caused him to suffer an injury that would likely chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the adverse action was

motivated at least in part as a response to the exercise of his constitutional rights." *Gritton v. Disponett*, 332 F. App'x 232, 240 (6th Cir. 2009) (citing *Vaughn v. Lawrenceburg Power Sys.,* 269 F.3d 703, 715 (6th Cir.2001)).

Here, plaintiff has not established that her termination was motivated, at least in part, as a response to the exercise of a constitutionally protected activity. Plaintiff has not pointed to any activity, act of omission or statement that she claims motivated her termination. She was a registered Republican. She argues that she was not loyal enough to the Republican Party, but she has not presented any evidence demonstrating a causal connection between her termination and any protected activity. Therefore, she has not met her burden of proving the first element of her claim.

In addition, even if plaintiff could establish an genuine issue of material fact on her claim for First Amendment retaliation pursuant to 42 U.S.C. § 1983, her claim must still be dismissed because these defendants are entitled to qualified immunity.

The Sixth Circuit has explained:

Qualified immunity shields government officials from liability for civil damages if their actions did not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Pearson [v. Callahan,* ___U.S. ___, 129 S .Ct. 808, 815, 172 L. Ed.2d 565 (2009)]. Qualified immunity ordinarily applies unless it is obvious that no reasonably competent official would have concluded that the actions taken were unlawful. *Ewolski v. City of Brunswick*, 287 F.3d 492, 501 (6th Cir. 2002). Qualified immunity "'gives ample room for mistaken judgments' by protecting 'all but the plainly incompetent or those who knowingly violate the law.'" *Hunter v. Bryant,* 502 U.S. 224, 229, 112 S. Ct. 534, 116 L. Ed.2d 589 (1991) (quoting *Malley v. Briggs,* 475 U.S. 335, 343, 341, 106 S. Ct. 1092, 89 L. Ed.2d 271 (1986)). Qualified immunity applies irrespective of whether the official's error was a mistake of law or a mistake of fact, or a mistake based on mixed questions of law and fact. *Pearson,* 129 S. Ct. at 815.

Plaintiff bears the burden of showing that defendants are not entitled to qualified immunity. *Untalan v. City of Lorain*, 430 F.3d 312, 314 (6th Cir. 2005). Plaintiff must show both that, viewing the evidence in the light most favorable to her, a constitutional

7

> right was violated and that the right was clearly established at the time of the violation. *Scott,* 550 U.S. at 377, 127 S. Ct. 1769; *Harrison,* 539 F.3d at 517. If plaintiff fails to show either that a constitutional right was violated or that the right was clearly established, she will have failed to carry her burden. Moreover, to satisfy the second prong of the standard, plaintiff must show that the right was clearly established in a "particularized sense," such that a reasonable officer confronted with the same situation would have known that [the action taken] would violate that right. *Brosseau v. Haugen,* 543 U.S. 194, 199-200, 125 S. Ct. 596, 160 L. Ed.2d 583 (2004). In determining whether the required showing has been made, the court has discretion to decide which of the two elements to address first. *Pearson,* 129 S. Ct. at 818.

*Chappell v. City of Cleveland*, 585 F.3d 901, 907 (6th Cir. 2009).[4]

Here, the court finds that the defendants' termination of the plaintiff's employment was not objectively unreasonable given plaintiff's admittedly poor work performance. Plaintiff was hired, on a probationary basis, as a payroll clerk. Plaintiff admits she made errors in the payroll paperwork, which resulted in employees not being paid correctly. As a result, several employees complained about their pay checks being short. Plaintiff also admitted to having problems keeping track of all the delivery tickets and required assistance from personnel at other facilities. The court holds that, in the light of her low political profile and poor work performance, a reasonable official in the defendants' positions would not have known that he was violating plaintiff's First Amendment rights by firing her at the end of her probationary period for poor work performance. Thus, these defendants are entitled to summary judgment on plaintiff's First Amendment retaliation claim under § 1983 on the basis of qualified immunity.

**4. Plaintiff's state law claims**.

Because the court is dismissing plaintiff's federal cause of action, and because her state law claims present complex questions of Kentucky law, the court will decline to exercise its

---

[4] Moreover, qualified immunity is an objective inquiry, which the court determines as matter of law. *Chappell*, 585 F.3d at 909 (citing *Scott v. Harris*, 550 U.S. 372, 381 n. 8 (2007)).

8

supplemental jurisdiction over the state claims. *See* 28 U.S.C. § 1367(c). Those claims will thus be dismissed without prejudice.

Therefore, having reviewed this matter, and the court being otherwise sufficiently advised,

**IT IS ORDERED** that:

(1) Defendants' motions for summary judgment (Doc. #89, redocketed as #126, Doc. #96, redocketed as #127). be, and are hereby, GRANTED as to the federal claims, and are hereby, **DISMISSED WITH PREJUDICE**;

(2) The court declines to exercise its supplemental jurisdiction over plaintiff's state law claims, and those claims be, and are hereby, **DISMISSED WITHOUT PREJUDICE**.

A separate judgment shall enter concurrently herewith.

This 25th day of January, 2010.

Signed By:
William O. Bertelsman   WOB
United States District Judge

TIC: 30 min.